NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD CARROLL,<br>on behalf of Plaintiff and the class members<br>described below<br><br>                      Plaintiffs,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA<br>(CORPORATION), and GENESIS MOTOR<br>AMERICA LLC,<br><br>               Defendants. | Civil Action No.: 2:23-cv-01164<br><br><br>**MEMORANDUM ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on the motion to compel arbitration and stay the case (ECF No. 16) filed by Defendants Hyundai Motor America, Inc.[1] ("Hyundai") and Genesis Motor America LLC ("Genesis") (collectively with Hyundai, "Defendants"). Plaintiff Donald Carroll ("Plaintiff"), on behalf of himself and similarly situated persons, filed an opposition to the motion. ECF No. 21 ("Opp."). Defendants filed a reply. ECF No. 29 ("Reply"). Defendants also filed notices of supplemental authority. ECF Nos. 24, 25. The Court decides this motion without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion is denied without prejudice and with leave to file a renewed motion, and the parties are ordered to conduct limited discovery on the issue of arbitrability.

**WHEREAS** this case arises out of the BlueLink and "connected services" technology features included in certain Hyundai and Genesis vehicles. *See generally* ECF No. 1 ("Compl.").

---

[1] Defendants note that the complaint incorrectly identifies Hyundai as "Hyundai Motor America (Corporation)."

Plaintiff Donald Carroll is a New Jersey resident who purchased a 2017 Genesis G 80 at Sansone AutoMall in Avenelle, New Jersey.  *Id.* ¶¶ 10, 32.  Defendant Hyundai is a California corporation with a principal place of business in California and is engaged in the importation and distribution of Genesis, Hyundai, and Kia vehicles.  *Id.* ¶¶ 10–11.  Defendant Genesis is a California limited liability company engaged in the importation and distribution of Genesis vehicles.  *Id.* ¶¶ 13–14.  Hyundai makes Genesis vehicles.  *Id.* ¶¶ 14–16.  The crux of Plaintiff's allegations is that Defendants failed to disclose to purchasers that these technology features, touted by Hyundai and Genesis, would become unusable in 2022 upon the "sunset" of the 3G network, on which the service could exclusively operate and which Hyundai knew or should have known about.  *Id.* ¶¶ 1–6, 20–31; and

　　**WHEREAS** Plaintiff filed his putative class action complaint on February 28, 2023. Compl.  Plaintiff, on behalf of himself and those similarly situated, brings claims for:  (1) violation of New Jersey's Consumer Fraud Act; (2) breach of express and implied warranties; and (3) violation of the Magnuson-Moss Warranty Act.  *Id.*  On July 10, 2023, Defendants filed the instant motion to compel arbitration and stay the case pursuant to 9 U.S.C. §§ 3, 4.  ECF No. 16;  ECF No. 16-1 ("Def. Br.").  Plaintiff filed an opposition on August 30, 2023 (Opp.) and Defendants replied on September 25, 2023 (Reply); and

　　**WHEREAS** Defendants assert that compelling arbitration is proper because Plaintiff entered into a binding agreement with Defendants containing a valid, enforceable arbitration clause, which covers the claims asserted in Plaintiff's complaint.  Def. Br. at 1–3.  Specifically, Defendants invoke a Connected Services Agreement ("CSA"), which they contend Plaintiff agreed to upon registering to use the technology services at issue and contains the following clause requiring:

[a]rbitrat[ion] [of] any and all disputes and claims between us arising out of or relating to this Agreement, Connected Services, Connected Services Systems, Service Plans, [or] the Vehicle, … to the maximum extent permitted by applicable law.  This agreement to arbitrate is intended to be broadly interpreted to make all disputes and claims between us subject to arbitration to the fullest extent permitted by law.

*Id.* at 5.  In opposition, Plaintiff contends that the instant dispute does not fall within the ambit of the arbitration provision invoked by Defendants.  Opp. at 4–5; and

**WHEREAS** the Federal Arbitration Act ("FAA") reflects the strong federal policy in favor of arbitration and "places arbitration agreements on equal footing with all other contracts." *Bacon v. Avis Budget Grp., Inc.*, 959 F.3d 590, 599 (3d Cir. 2020) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)).  Pursuant to the FAA, courts "compel arbitration of claims covered by a written, enforceable arbitration agreement." *Id.* (citing 9 U.S.C. §§ 3, 4).  Yet despite the strong presumption of arbitrability, "[a]rbitration is strictly a matter of contract" and thus is governed by state law.  *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 441, 444 (3d Cir. 1999) ("If a party has not agreed to arbitrate, the courts have no authority to mandate that he do so.").  Accordingly, when deciding whether to compel arbitration under the FAA, the Court must determine "(1) whether there is a valid agreement to arbitrate between the parties and, if so, (2) whether the merits-based dispute in question falls within the scope of that valid agreement." *Flintkote Co. v. Aviva PLC*, 769 F.3d 215, 220 (3d Cir. 2014) (internal citation omitted).  In conducting this inquiry, the Court applies state law principles of contract formation.  *Torres v. Rushmore Serv. Ctr., LLC*, No. 18-cv-9236, 2018 WL 5669175, at *2 (D.N.J. Oct. 31, 2018); and

**WHEREAS** however, in determining whether a valid arbitration agreement exists between the parties, the Court must first decide whether to apply the Rule 12(b)(6) or Rule 56 standard of review.  *Sanford v. Bracewell & Guiliani, LLP*, 618 F. App'x 114, 117 (3d Cir. 2015).  The Court

will review a motion to compel arbitration under the Rule 12(b)(6) standard "when it is apparent, based on 'the face of a complaint, and documents relied upon in the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause . . . .'" *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 776 (3d Cir. 2013) (citation omitted); *see also MZM Construction Co., Inc. v. N.J. Building Laborers Statewide Benefits Fund*, Nos. 18-3791 & 19-3102, 2020 WL 5509703, at *14 (3d Cir. Sept. 14, 2020); and

**WHEREAS** conversely, the Rule 56 standard will apply "when either 'the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity' to establish on its face that the parties agreed to arbitrate, or the opposing party has come forth with reliable evidence that is more than a 'naked assertion . . . that it did not intend to be bound' by the arbitration agreement, even though on the face of the pleadings it appears that it did." *Guidotti*, 716 F.3d at 774 (citations omitted); *see Noonan v. Comcast Corp.*, No. 16-458, 2017 WL 4799795, at *4 (D.N.J. Oct. 24, 2017) ("[Thus], a Rule 12(b)(6) standard is not appropriate because the motion cannot be resolved without consideration of evidence outside the pleadings, and, if necessary, further development of the factual record."). Accordingly, "the non-movant must be given a limited opportunity to conduct discovery on the narrow issue of whether an arbitration agreement exists." *Ross v. CACH, LLC*, No. 14-6321, 2015 WL 1499282, at *2 (D.N.J. Apr. 1, 2015); *see also Guidotti*, 716 F.3d at 774–76 ("Under the first scenario, arbitrability not being apparent on the face of the complaint, the motion to compel arbitration must be denied pending further development of the factual record . . . . Under either of those scenarios, a 'restricted inquiry into factual issues' will be necessary to properly evaluate whether there was a meeting of the minds on the agreement to arbitrate."). "After limited discovery, the court may entertain a renewed motion

to compel arbitration, this time judging the motion under [the Rule 56] summary judgment standard." *Guidotti*, 716 F.3d at 776; and

    **WHEREAS** here, Plaintiff's complaint makes no reference to the CSA, any contractual agreement including an arbitration clause, or a particular arbitration provision itself. *See generally* Compl. Moreover, the CSA is not attached to Plaintiff's complaint as an exhibit. *Id.* Instead, it is cited and entered into the record for the first time in Defendant's motion. *See* Opp. However, on a motion to compel arbitration the Court may only consider "the face of a complaint and documents relied upon in the complaint." *See Guidotti*, 716 F.3d at 774. Thus, the Court cannot rely on Defendants' submission as the proper vehicle through which to analyze the validity and enforceability of the arbitration agreement. Put differently, the question of arbitrability cannot be resolved without considering the CSA, which is evidence extraneous to the pleadings, and thus it would be inappropriate to apply the Rule 12(b)(6) in deciding this motion. *See id.*; and

    **WHEREAS** despite the Third Circuit's clear mandate regarding the applicable standard and what the Court may consider at this juncture, which Defendants do not address at any point, Defendants argue in their reply that the Court should compel arbitration based on Plaintiff's concession that an arbitration provision exists in the CSA. Reply at 1, 3–4. However, Defendants do not cite any binding authority that indicates a district court may compel arbitration upon an initial motion to compel where the operative agreement is not included in or appended to the complaint. Indeed, ample case law in this Circuit instructs that a "motion to compel arbitration must be denied pending further development of the factual record," in scenarios such as this one. *Id.*; *see, e.g.*, *Torres*, 2018 WL 5669175, at *2 (denying motion to compel arbitration where the agreement, arbitration provision, and class action waiver were not referenced in the complaint and raised for the first time in the defendant's motion); *Sauberman v. Avis Rent a Car Sys., L.L.C.*, No.

17-756, 2017 WL 2312359, at *2 (D.N.J. May 26, 2017) (denying motion to compel arbitration and ordering limited discovery where the complaint did not establish on its face that the parties agreed to arbitrate); *Hughes v. Kolaras*, No. 13-0057, 2013 WL 5797735, at *7 (D.N.J. Oct. 28, 2013) (same).  Accordingly, the Court will deny Defendants' motion without prejudice and will order the parties to conduct limited discovery on the issue of arbitrability.  Thereafter, Defendants may file a renewed motion to compel arbitration, which the Court will review under the Rule 56 standard.

Accordingly, **IT IS** on this 26th day of February, 2024;

**ORDERED** that Defendants' motion to compel arbitration (ECF No. 16) is **DENIED**; and it is further

**ORDERED** that the parties shall conduct limited expedited discovery on the issue of arbitrability.

**SO ORDERED**.

*s/Claire C. Cecchi*
_____
**CLAIRE C. CECCHI, U.S.D.J.**

6